IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEXIOS ALEXANDER,

        Plaintiff,                    No. 2:12-cv-0445 WBS EFB P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,
et al.,

        Defendants.             <u>ORDER</u>
                                    /

       Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C. § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis, a request for appointment of counsel, and a "motion to include exhibits."  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

**I.    Request to Proceed In Forma Pauperis**

       Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  Dckt. Nos. 6, 11.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

////

## II. Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

////

////

Plaintiff claims to have been housed at Deuel Vocational Institute for two years in the 1990s and from June 22, 2010 to October 26, 2010. During those times, he claims to have been exposed to asbestos, black mold, lead paint, contaminated drinking water, and inadequate ventilation. He also claims that his requests for medical tests to clear him of contamination, were denied. Plaintiff purports to bring a class action on behalf of other prisoners.

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed for failure to state a claim. As a threshold matter, the court address the fact that plaintiff purports to bring a class action. It is well-established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule becomes nearly absolute when, as here, the putative class representative is incarcerated and proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976). This action must therefore be construed as an individual civil suit brought by plaintiff. *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (non-attorney has a right to appear pro se on his own behalf, but "has no authority to appear as an attorney for others").

Plaintiff is hereby informed that the Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

////

1    To state a claim for violation of the Eighth Amendment based on inadequate medical
2 care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate
3 indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  To prevail,
4 plaintiff must show both that his medical needs were objectively serious, and that defendant
5 possessed a sufficiently culpable state of mind.  *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991);
6 *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992).  A serious medical need is one that
7 significantly affects an individual's daily activities, an injury or condition a reasonable doctor or
8 patient would find worthy of comment or treatment, or the existence of chronic and substantial
9 pain.  *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other*
10 *grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*).

11    Plaintiff fails to allege facts sufficient to state a cognizable Eighth Amendment claim.
12 Plaintiff alleges that he was exposed to hazardous conditions, but does not allege facts showing
13 that any defendant acted with the requisite deliberate indifference, or that he suffered any
14 injuries as a result.  Plaintiff claims that defendants had "personal knowledge" of the alleged
15 violations, but does not allege any facts to demonstrate that the named defendants intentionally
16 disregarded a substantial risk of harm to plaintiff's health.  Nor does plaintiff allege any facts to
17 demonstrate that the conditions of which he complaints caused him to experience any injury of
18 illness.  Though he claims his requests for medical tests were denied, he does not allege facts to
19 suggest that he exhibited any symptoms, or that other circumstances existed, to warrant those
20 tests.  Thus, plaintiff fails to allege sufficient facts to support the conclusion that any defendant
21 was aware of a serious risk of harm to plaintiff and deliberately ignored it.  Plaintiff's complaint
22 must be dismissed with leave to amend.

23    Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
24 cognizable legal theory against a proper defendant and sufficient facts in support of that
25 cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
26 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

4

their complaints). Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

**III.    Request for Counsel**

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must

5

consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**IV.   Request to Include Exhibits**

Plaintiff filed a "Motion to Include Exhibits Under Rule 15-D," in which he asks that the court, include in "this lawsuit," exhibits 1-47. Rule 15(d) of the Federal Rules of Civil Procedure permits a party to file a supplemental pleading setting out events that occurred after the date of the pleading to be supplemented. As discussed above, however, the complaint is dismissed with leave to amend, so there is no pleading to supplement. Additionally, plaintiff is hereby informed that the court is not a repository for his evidence and he shall not file documentary evidence in support of his claims unless it is necessary for the resolution of a motion. Plaintiff's request is therefore denied.

**V.   Order**

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed *in forma pauperis* (Dckt. Nos. 6, 11) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in a recommendation that this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's request for appointment of counsel (Dckt. No. 3) is denied.

////

5.  Plaintiff's "motion to include exhibits" (Dckt. No. 10) is denied.

Dated: July 24, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7