1
2
3
4
5
6
7
8
9

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALEXIOS ALEXANDER,

11              Plaintiff,                    No. 2:12-cv-0445 WBS EFB P
                vs.
12
     CALIFORNIA DEPARTMENT OF
13   CORRECTIONS AND REHABILITATION,
     et al.,
14
                Defendants.                    FINDINGS AND RECOMMENDATIONS
15   _____/

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  On July 25, 2012, the undersigned granted plaintiff's request to proceed in forma

18   pauperis, but dismissed plaintiffs complaint with leave to amend pursuant to 28 U.S.C. § 1915A.

19   Dckt. No. 14.  The court noted that plaintiff improperly sought to bring a class action, and that if

20   he intended to state a cognizable Eighth Amendment claim based on his alleged exposure to

21   hazardous conditions, he must allege facts showing that a defendant acted with the requisite

22   deliberate indifference, and that he was injured as a result.  Before the court is plaintiff's

23   amended complaint.

24          As noted in the July 25, 2012 order, plaintiff may not assert claims on behalf of anyone

25   other than himself.  *See C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987)

26   (non-attorney has a right to appear pro se on his own behalf, but "has no authority to appear as

                                                    1

1  an attorney for others").  It is well-established that a layperson cannot ordinarily represent the

2  interests of a class.  *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966).  This rule

3  becomes nearly absolute when the putative class representative is incarcerated and proceeding

4  pro se.  *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).  Plaintiff cannot "fairly and

5  adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of

6  Civil Procedure.  *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976).

7          The court also informed plaintiff that to avoid dismissal for failure to state a claim a

8  complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic

9  recitation of the elements of a cause of action."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

10 555-557 (2007).  A claim upon which the court can grant relief must have facial plausibility.  *Id.*

11 at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

12 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

13 *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which

14 relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct.

15 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see*

16 *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

17         The court also informed plaintiff that extreme deprivations are required to make out an

18 Eighth Amendment conditions of confinement claim, and only those deprivations denying the

19 minimal civilized measure of life's necessities are sufficiently grave to form the basis of an

20 Eighth Amendment violation.  *Hudson v. McMillian*, 503 U.S. 1, 9 (1992).  The court further

21 informed plaintiff that he must allege facts sufficient to support a claim that prison officials knew

22 of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g., Farmer v. Brennan*,

23 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

24 ////

25 ////

26 ////

In dismissing the original complaint with leave to amend, and in accordance with the above standards, the court explained:

> Plaintiff fails to allege facts sufficient to state a cognizable Eighth Amendment claim. Plaintiff alleges that he was exposed to hazardous conditions, but does not allege facts showing that any defendant acted with the requisite deliberate indifference, or that he suffered any injuries as a result. Plaintiff claims that defendants had "personal knowledge" of the alleged violations, but does not allege any facts to demonstrate that the named defendants intentionally disregarded a substantial risk of harm to plaintiff's health. Nor does plaintiff allege any facts to demonstrate that the conditions of which he complains caused him to experience any injury of illness. Though he claims his requests for medical tests were denied, he does not allege facts to suggest that he exhibited any symptoms, or that other circumstances existed, to warrant those tests. Thus, plaintiff fails to allege sufficient facts to support the conclusion that any defendant was aware of a serious risk of harm to plaintiff and deliberately ignored it.

Dckt. No. 14 at 4.

Plaintiff has now filed an amended complaint, which does not significantly differ from the original complaint. Plaintiff again seeks to bring a class action on behalf of inmates, employees, and possibly visitors, at Deuel Vocational Institute (DVI), the Correctional Training Facility (CTF), and the California Medical Facility (CMF), from the year 1968 to the present. He alleges that defendants were responsible for daily operations and conditions, and were aware of the presence in these facilities of asbestos, mold, lead paint, contaminated drinking water, and inadequate ventilation, and that they failed to act in response. Plaintiff claims to have been housed at only DVI and CTF, and states that his requests for "medical diagnostic testings . . . to ascertain any adverse affects from such exposures" were denied. Dckt. No. 17 ¶ 75. The amended complaint fails to cure the deficiencies identified by the court's initial screening order.

Plaintiff improperly pursues a class action and complains of conditions allegedly existing at CMF, where he does not claim to have ever been housed. And because plaintiff continues to press a class action, it is not clear from the allegations where he claims a violation of his own rights, as opposed to those of a purported class member.

////

1    Rather than pleading facts showing that any defendant deliberately ignored a serious risk

2    of harm to plaintiff, plaintiff names individuals as defendants based on their alleged positions of

3    authority.  Plaintiff was informed that an amended complaint must identify as a defendant only

4    persons who personally participated in a substantial way in depriving him of a federal

5    constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects

6    another to the deprivation of a constitutional right if he does an act, participates in another's act

7    or omits to perform an act he is legally required to do that causes the alleged deprivation).  Here,

8    plaintiff has not sufficiently alleged that any defendant was personally involved in the alleged

9    deprivation of his Eighth Amendment rights.

10    Additionally, the amended complaint includes only general allegations about hazardous

11    conditions, and does not provide sufficient detail regarding the nature and duration of *plaintiff's*

12    alleged exposure to those conditions, including any resulting injury or illness.

13    Despite notice of the complaint's deficiencies and an opportunity to amend, plaintiff

14    appears to be unable to state a cognizable claim for relief, and further leave to amend appears

15    futile.  Accordingly, the court will recommend that this action be dismissed without leave to

16    amend pursuant to 28 U.S.C. § 1915A.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)

17    (courts should provide a pro se plaintiff with an opportunity to amend after notifying the plaintiff

18    of defects in the complaint); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth

19    Circuit case law, district courts are only required to grant leave to amend if a complaint can

20    possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit

21    entirely.").

22    Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's amended complaint be

23    dismissed for failure to state a claim and that the Clerk be directed to close this case.

24    These findings and recommendations are submitted to the United States District Judge

25    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

26    after being served with these findings and recommendations, any party may file written

4

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE